UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN SERRANO-GONZALEZ, | : | |
| | : | |
| Petitioner, | : | Civ. No. 14-2193 (RBK) |
| | : | |
| v. | : | |
| | : | |
| J.T. SHARTLE, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he is entitled to additional jail time credits that the Federal Bureau of Prisons ("BOP") is not recognizing on his federal sentence. For the following reasons, the habeas petition will be denied.

## II.     BACKGROUND

Petitioner was arrested in 2003 and 2004 by local law enforcement in the Commonwealth of Puerto Rico on controlled substance offenses. On December 28, 2004, he received a nine year sentence for these crimes. Subsequently, in May, 2005, petitioner was indicted by a federal grand jury in Puerto Rico on federal drug charges. Petitioner was then borrowed by federal authorities under a writ of habeas corpus *ad prosequendum* on May 6, 2005 to answer to these federal charges. On March 6, 2006, petitioner pled guilty to one count of the federal indictment. On June 16, 2006, the United States District Court for the District of Puerto Rico sentenced petitioner to 180 months imprisonment with a five year term of supervised release.[1] Petitioner's federal

---

[1] While not relevant to this Opinion, petitioner's term of supervised release was subsequently reduced from five to three years.

sentence was ordered to run concurrently to any other sentence imposed by the Commonwealth of Puerto Rico.

On August 9, 2006, petitioner returned to state custody. Petitioner completed his state sentence on June 22, 2010 and was released to federal authorities to complete his federal sentence. The BOP has computed petitioner's federal sentence as commencing on June 16, 2006. The BOP has awarded petitioner with ninety-six days of credit prior to this date because the Commonwealth of Puerto Rico did not respond to the BOP's request to verify whether his previous jail time from April 27, 2004 to May 10, 2004 and from May 27, 2004 until August 16, 2004 (a period of 96 days combined) was credited towards his non-federal sentence. According to the BOP, it states that if petitioner is awarded all of the good time credits that are due to him, his projected release date is June 27, 2019.

Petitioner filed his federal habeas petition in April, 2014. He claims that the BOP has improperly calculated his sentence because it has not credited the time he was incarcerated to his federal sentence from December 28, 2004 until June 16, 2006 to his federal sentence. Respondent filed an answer in opposition to the habeas petition and petitioner filed a reply in support of his habeas petition.

### III.   DISCUSSION

Determining a term of imprisonment comprises two steps: (1) "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served[;]" and (2) a defendant receives credit for time spent in custody "prior to the date the sentence commences ... that has not been credited against another sentence." *See* 18 U.S.C. § 3585(a) & (b); *see also Nieves v. Scism,* 527 F. App'x 139, 140–41 (3d Cir. 2013) ("In calculating a sentence, the BOP

determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled.") (citing 18 U.S.C. § 3585). "[A] federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted." *See Williams v. Zickefoose,* 504 F. App'x 105, 107 (3d Cir. 2012) (citing *United States v. Wilson,* 503 U.S. 329, 337 (1992)).

"[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." *Rashid v. Quintana,* 372 F. App'x 260, 262 (3d Cir. 2010) (citing *United States v. Labeille–Soto,* 163 F.3d 93, 98 (2d Cir. 1998)). Furthermore, "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum" because "the state remains the primary custodian in those circumstances." *Carmona v. Williamson,* No. 05–0022, 2006 WL 3042967, at *2 (M.D. Pa. Oct. 23, 2006) (citations omitted); *see also Garcia v. Bureau of Prisons,* No. 06–0089, 2006 WL 2645122, at *2 n.2 (D.N.J. Sept. 13, 2006) (noting that sovereign who acquires custody first in time has primary custody over the defendant and that primary custody remains vested in the jurisdiction which first arrested the defendant " 'until that jurisdiction relinquishes its priority by e.g., bail release, dismissal of state charges, parole release, or expiration of sentence.... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.'") (quoting *Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd by,* 100 F.3d 946 (3d Cir.1996)).

"Congress made clear that a defendant could not receive double credit for his detention time." *Wilson,* 503 U.S. at 337. This ban on double credits also applies to those situations where the petitioner is in federal detention under a writ of habeas corpus *ad prosequendum* during the

3

time for which the credits are sought. Here, the Commonwealth of Puerto Rico retained primary custody over petitioner even after he was produced pursuant to a writ of habeas corpus *ad prosequendum*. Thus, it is clear that, under § 3585(b), prior custody credits may only be granted in this case for the time petitioner spent in federal detention for which he did not receive credit towards another sentence. However, petitioner has failed to show that he did not receive credits to his Commonwealth of Puerto Rico conviction for the time between when he was sentenced in that local case on December 28, 2004, to the time that the federal court sentenced petitioner on his federal case in June, 2006. *See, e.g.*, *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007) (time allotted towards state term not available to be credited towards federal sentence under section 3585(b)). Indeed, during a portion of this time, petitioner was only being borrowed by federal authorities pursuant to writ of habeas corpus ad prosequendum and that time is not credited towards his federal sentence. *See Negron v. Warden of FCI-Schuykill*, 582 F. App'x 124, 125 (3d Cir. 2014) ("[T]he time spent in federal custody pursuant to a writ ad prosequendum is credited toward his state sentence, not his federal sentence.") (citations omitted). Accordingly, petitioner fails to show that he is entitled to further time credits not awarded from the BOP prior to his June 16, 2006 federal sentence.

This does not end the inquiry, however. Indeed, petitioner also argues that the District Court of Puerto Rico intended for his federal sentence to be adjusted under U.S.S.G. § 5G1.3(c) and *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002) to make it fully concurrent with his state sentence. At the time petitioner was sentenced in 2006, U.S.S.G. § 5G1.3 stated as follows:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3 (2006). This Court has previously explained U.S.S.G. § 5G1.3 and *Ruggiano*

as follows:

> The Court of Appeals held, in *Ruggiano v. Reish,* that a federal sentencing court has authority under 18 U.S.C. § 3584 and USSG 5G1.3 (c) to order a federal sentence to be fully and retroactively concurrent to a state sentence that the defendant was already serving. The imposition of a retroactively concurrent sentence under § 5G1.3(c) is more properly termed an "adjustment," rather than a credit or downward departure. *Id.* at 133.
>
> Notably, in *Ruggiano,* the sentencing judge stated "that he thought it appropriate to go ahead and recommend that 'Ruggiano's sentence' be served concurrently and that he receive credit for the amount of time that he served there." 307 F.3d at 124. "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence. Defendant to receive credit for time served.'" *Id.* The Third Circuit found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively

5

> concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

*Aponte-Cruz v. Zickefoose*, No. 11-1531, 2012 WL 5622123, at *4 (D.N.J. Nov. 15, 2012) (footnote omitted). It is also worth noting, however, as this Court previously explained in *Aponte-Cruz,* that "a 2003 amendment to the 5G1.3 Application Notes provides that subsection (c) does not authorize an adjustment for time served on a prior undischarged term of imprisonment, but that a sentencing court may consider a downward departure in extraordinary cases." *Aponte-Cruz*, 2012 WL 5622123, at *4 n.15.

In petitioner's case, as in *Aponte-Cruz*, the oral pronouncement of the sentence as well as the written judgment give no indication that the District of Puerto Rico Judge intended to make a *Ruggiano*/5G1.3 adjustment to petitioner's federal sentence. Indeed, at sentencing, the District Judge merely stated that petitioner's federal sentence of 180 months was "to be served concurrently with any other sentence that he is presently serving." (Dkt. No. 11-4 at p. 13) Similarly, the written judgment and sentence merely stated that petitioner's 180-month federal sentence was "to be served concurrently with any other sentence imposed by the Commonwealth of Puerto Rico." (Dkt. No. 11-3 at p. 3) There was no discussion of credit for time served at sentencing nor was there any suggestion that petitioner sought an adjustment or that the District Judge intended to go beyond the normative concurrent sentence in order to impose a sentence that was retroactively concurrent to the Commonwealth of Puerto Rico sentence. *See Nieves*, 527 F. App'x at 141 ("[A] concurrent sentence is not automatically retroactively concurrent."); *Thomas v. Schultz*, No. 10-5162, 2012 WL 5200034, at *6 (D.N.J. Oct. 22, 2012) (examining the sentencing transcript to determine whether petitioner is entitled to federal habeas relief "[b]ecause the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the earlier-imposed sentence, it

6

is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without any discussion") (emphasis in original) (citing 18 U.S.C. § 3584; *Ruggiano*, 307 F.3d at 133). Thus, petitioner is not entitled to federal habeas relief based on this argument as well as the BOP has not erred in determining when petitioner's federal sentence began to run. *Accord Holloman v. Shartle*, No. 14-5831, 2015 WL 2159019, at *4-5 (D.N.J. May 7, 2015) (denying habeas relief where there was no discussion in sentencing transcript or judgment that indicates or suggests that the federal sentence was intended to run retroactively concurrent to petitioner's state sentence); *Aponte-Cruz*, 2012 WL 5622123, at *4 (same).

## IV.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is denied. An appropriate order will be entered.


DATED:   April 7, 2016

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge